30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Milton Lee HERD, Plaintiff-Appellant,
v.
OKLAHOMA DEPARTMENT OF CORRECTIONS; Carter County Board of
Commissioners; Carter County District Attorney,
also known as District Attorney of
Carter County, Oklahoma,
Defendants-Appellees.
 No. 93-7124.
 United States Court of Appeals, Tenth Circuit.
 July 18, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 KELLY
 
 1
 Mr. Herd, appearing pro se and in forma pauperis, appeals the dismissal of his civil rights complaint, 42 U.S.C.1983, for declaratory, injunctive, and monetary relief, I R. doc. 1 at 6, pursuant to 28 U.S.C.1915(d). Mr. Herd complains that he never received emergency time credits pursuant to Okla. Stat. Ann. tit. 57, 570-576 (West 1991 & 1994 Supp.) (Oklahoma Prison Overcrowding Emergency Powers Act), because the Judgment and Sentence in connection with the offense of possession and concealment of stolen property recites that it is "after former conviction of a felony."
 
 
 2
 Mr. Herd has served the five-year sentence for that offense, but remains incarcerated for another. Mr. Herd's argument is that because the offense of conviction, Okla. Stat. Ann., tit. 21, 1713 (West 1983), contains a five-year penalty, and he received a five-year penalty, he could not have been convicted of the offense "after former conviction of a felony." He claims that the "after former conviction of a felony" language is a typographical error, because if it were not, he would have received a longer sentence.
 
 
 3
 Okla. Stat. Ann. tit. 21, 51(A)(2) (West 1983 & 1994 Supp.) is an enhancement provision for subsequent offenses which allows for "a term not exceeding ten (10) years." (emphasis supplied). The attachments to Plaintiff's complaint indicate that he has proceeded on the theory that this statute provides for "a term not less than" ten years. The district court viewed this position as frivolous.
 
 
 4
 We review the district court's 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Recent Supreme Court authority establishes that a 1983 action is not available for this type of claim, rendering this complaint frivolous. See Neitzke v. Williams, 490 U.S. 319, 327-328 (1989). In Heck v. Humphrey, 62 U.S.L.W. 4594 (June 24, 1994), the Supreme Court held that
 
 
 5
 in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.
 
 
 6
 Id. at 4597 (footnote omitted). A judgment in favor of Plaintiff in this case would necessarily imply that his underlying state conviction "after former conviction of a felony" was in error. Thus, his claim is not cognizable under 1983. To the extent that Plaintiff is seeking a speedier release from his current sentence, 1983 does not provide a remedy. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The judgment of dismissal is
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument